## ARGUED AND DETERMINED IN THE

# SUPREME COURT

### OF THE

# STATE OF LOUISIANA.

EASTERN DISTRICT—DECEMBER TERM, 1829.

---

## *WILLIAMS vs. KIMBALL.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The citation was served on the defendant in person, and three slaves were attached. Judgment was taken by default, and afterwards made final. He appealed.

His counsel assigns as error, that no attorney was appointed by the court, as is required by the Code of Practice, 260.

In ordinary cases, the defendant is made a party, by the service of the petition and citation on his person or at his domicil: in others, by such a service at his last place of residence.

If, however, the petition contains a prayer for an attachment, and the citation cannot

In an attachment case, no attorney is to be appointed, by the court, to the defendant, if the citation be served on him.

be served in any of the above manners, it may be by affixing copies of it in certain places, *id.* 254, and the subsequent attachment of his property. *Id.* 256.

If the party, thus made a defendant to a suit, i. e. without a citation on his person, at his domicil, or last place of residence, fail to appear, the court must appoint him an attorney, *id.* 260. He needs this aid from the court, because the apparent impossibility of service in the ordinary way, raises a presumption, that he is abroad, and cannot have timely knowledge of the action. In such a case, the proceedings are rather *in rem.* than *in personam. Id.* 265.

But when the defendant is made a party, by the service of the citation, on his person, at his domicil or last residence, the action is essentially *in personam*, and is to be prosecuted in the ordinary way against the defendant: he has received that notice, which renders ordinary defendants liable to a judgment by default, on failure to appear and answer. He is not one of the defendants, of which the Code of Practice (258) speaks, *thus* made a party to a suit, i. e. as provided in the 254th and 256th article, by

a citation affixed in certain places, and the subsequent attachment of his property, but has been made so by service of citation in the regular way.

Although the attachment has been obtained, if, after this ordinary mode of service of the citation, no property be attached, either because he has none, or has succeeded in removing his out of the sheriff's way, or even because the plaintiff has directed the sheriff to forbear levying the attachment, still, the defendant being regularly made a party, the suit is to proceed in the ordinary way, as if no attachment had been asked. There will be no need of the court appointing an attorney to the defendant, because he has notice of the consequence of his failure to appear and answer, and may appoint an attorney, if he need one. We cannot see why, the actual service of the attachment should alter the case. The defendant, after having been made a party by the due service of the citation, does not cease to be so by the attachment of his property. He is not made a party, by the affixing of the citation, nor by the attachment of his property, because he was a party before

the sheriff affixed the citation or attached his property. The action is an ordinary one *in personam,* and the service of the attachment is a mere incident in the suit, a conservatory act, which accompanies the demand, (*id.* 208,) but which does not constitute it.

An attachment, like all other conservatory acts, is not, when the defendant is personally cited, a mode of bringing a suit, but a remedy or incident, which may precede, accompany, or be subsequent to the action. In the language of the code, it may accompany a demand, or give effect to a suit, which the plaintiff has brought, or intends to bring. *Id.* 208 & 230.

A prayer for a writ of attachment, does not dispense with a citation of the party, any more than a prayer for the arrest of his person, the provisional service or sequestration of that in dispute, as an injunction. A citation is required, on every demand in writing, (*id.* 170 & 172,) and particularly in cases of attachment. *Id.* 251 & 253.

We admit that, at first view, the court's naming an attorney to defend a party present in court, appeared to us an anomaly

introduced by the code. The section of it, which treats of attachment, is extremely obscure, and the English text, which, from the relative correctness of the French, appears as a translation of it, is full of gross blunders. The title, and most of the articles of the section, seem confined to attachments in the hands of garnishees: attachments in the hands of third persons, seeming to exclude attachments of property in the hands of the party. In the 249th and 264th articles, the word *defendant* is evidently used for *plaintiff*, and in the 254th, 258th and 259th, the word *garnishee* is instead of *defendant*.

On a close examination of the whole section, and a comparison of all its articles, we conclude, that the court is not bound to appoint an attorney to a defendant, brought into court, by the regular service of a citation on his person, at his domicil or last place of residence, even where a prayer for an attachment precedes, accompanies, or follows the institution of a suit, and property be thereon attached.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

Eastern District.
*December*, 1829.

WILLIAMS
*vs.*
KIMBALL.

*Preston* for the plaintiff, *Peirce* for the defendant.